IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LISA CHRISTIAN PINKLEY,** | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **CITY OF TOPEKA, KANSAS,** | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Lisa Christian Pinkley, by and through her undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for their causes of action against Defendant, City of Topeka, Kansas, states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Lisa Christian Pinkley (hereinafter "Plaintiff") is an individual residing in Shawnee County, Kansas.

2. Defendant, the City of Topeka, Kansas (hereinafter "Defendant"), is a local governmental agency in Kansas responsible for implementing, promulgating, and establishing policies, customs, and usages within the boundaries of the City of Topeka, Kansas. At all times pled herein, Defendant employed twenty or more employees. This Defendant may be served with process pursuant to statutory requirements in Shawnee County, Kansas.

3. This action arises under the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, *et. seq.*, of the United States Code, as amended (hereinafter "ADEA") related to various sections including employment, discrimination, failure to hire, retaliation, damages, and attorney's fees and costs.

4. This action also arises under the Kansas Age Discrimination in Employment Act, Chapter 44, Article 11, Section 1111, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KADEA"),

1

related to various sections including employment, discrimination, failure to hire, retaliation, damages, and attorney's fees and costs.

5. As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. As to the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims enumerated herein that arise under state law are so related to claims herein that arise under federal law that they form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on or about February 5, 2025. The complaint was dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

10. Plaintiff was issued her Notice of Right to Sue letter on or about August 13, 2025 by the United States EEOC, which was received by Plaintiff on or about August 16, 2025.

11. Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

12. Plaintiff has exhausted her administrative remedies pursuant to 29 U.S.C. §626, *et. seq.* and K.S.A. §44-1115, *et. seq.*, or any other rule, law, statute, or regulation.

13. Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff's date of birth is July 17, 1964 and Plaintiff is currently 61 years of age.

16. At all times pled herein, Defendant employed twenty or more employees.

17. Plaintiff was initially hired by the Defendant on or about July 26, 1986 as an Animal Control Officer. Plaintiff remained employed with Defendant in this capacity until July 1988, when Plaintiff transferred internally to the position of a police officer and graduated as valedictorian of the 1989 police academy graduating class. Plaintiff remained a police officer until approximately April 1990, when Plaintiff transferred back to her previous position of Animal Control Officer. Plaintiff remained an Animal Control Officer until January 2016 when Plaintiff was promoted to Interim Animal Control Officer Supervisor. Plaintiff was promoted to Animal Control Officer Supervisor permanently in June 2017.

18. During Plaintiff's time as an Animal Control Officer and the Animal Control Officer Supervisor, Plaintiff revamped the Animal Control unit, worked with the City Attorney and City Council to transform outdated City ordinances, and advocated for more effective Animal Control unit procedures and strategies.

19. Plaintiff earned her Cruelty Investigators Academy completion certification in 2013.

20. Plaintiff earned her Certified Animal Cruelty Investigator certification in 2015.

21. Plaintiff earned her National Animal Control and Humane Officer Academy Completion certification in 2017.

22. Plaintiff earned her National Animal Care & Control Association Animal Control Officer certification in 2017.

23. Between 1990 and 2020, Plaintiff attended numerous Kansas Animal Control Association seminars and became an "At Large" board member in 2016.

24. Between 1990 and 2020, Plaintiff attended several Animal Control Training Services courses, ultimately facilitating the first ever in-house training by Animal Control Training Services for Defendant's new Animal Control employees.

25. Between 1990 and 2020, Plaintiff gave several housing committee presentations, presented on multiple occasions to police academies, and drafted Defendant's Standard Operating Procedure for the Animal Control unit.

26. In 2017, Plaintiff attended Defendant's Supervisory Leadership Class and graduated as valedictorian of the class.

27. Throughout Plaintiff's 34-year employment with Defendant, Plaintiff received a single instance of disciplinary action in September 2018, which arose out of a complaint lodged against Plaintiff by one of her subordinates, who complained about an instance wherein Plaintiff attempted to enforce Defendant's dress code because the subordinate was out of compliance with the same. Ultimately, Plaintiff's subordinate was coached on a number of performance concerns, Plaintiff was coached on leadership by her supervisor, and Plaintiff's supervisor was coached, as well. A few months later, the subordinate was ultimately terminated from employment by Defendant for dishonesty.

28. As to any disciplinary action and/or constructive feedback Plaintiff received throughout her employment, the basis for any such feedback did not warrant and Plaintiff did not receive

formal disciplinary action such as being placed on administrative leave, demotion, suspension, or termination.

29. Defendant awarded Plaintiff several awards related to her job performance, to include awards for "distinguished service," "dedication to the animal control unit," "selfless service," "sacrifices to the community," among others.

30. At all times pled herein, Plaintiff held all minimum requirements, preferred credentials, and was qualified for the position of Animal Control Officer Supervisor, which is further supported by Plaintiff's long employment history with Defendant (including 4+ years in this position), Plaintiff's extensive education and training certifications, and the various awards issued to Plaintiff by Defendant.

31. In April 2019, Plaintiff filed a complaint with the KHRC/EEOC alleging unlawful employment practices by Defendant herein on the basis of sex, age, and retaliation, constituting protected activity under the ADEA and KADEA.

32. Following the April 2019 complaints, Plaintiff continued to participate in the KHRC/EEOC investigation and administrative exhaustion process.

33. Following Plaintiff's KHRC/EEOC complaint, Plaintiff was subject to ongoing harassment and increased scrutiny from her supervision. Following KHRC/EEOC's No Probable Cause determination, Plaintiff overhead jokes being made about her complaint.

34. At the time of Plaintiff's KHRC/EEOC complaint, Andrew Beightel (then age 40) was employed by Defendant and in approximately 2019, Beightel became Plaintiff's supervisor.

35. On September 16, 2020, Plaintiff retired from her employment with Defendant. At the time of Plaintiff's 2020 retirement, all of Plaintiff's duties and responsibilities were transferred to the

existing Code Enforcement Supervisor, meaning that Plaintiff's position as the Animal Control Officer Supervisor was not filled with a new hire.

36. For several months leading up to July 2024, Plaintiff had been considering coming out of retirement and re-entering the job market. At this time, Plaintiff was 59 years of age.

37. On or about July 11, 2024, Defendant posted a job opening online for Plaintiff's former position of Animal Control Officer Supervisor.

38. On or about July 12, 2024, Plaintiff submitted an application to Defendant for the posted Animal Control Officer Supervisor position. Plaintiff's application demonstrated Plaintiff's 30+ years of experience as an Animal Control Officer with Defendant, Plaintiff's 4+ years of experience in a supervisory position with Defendant, Plaintiff's extensive education, training, and credentials, and showed that Plaintiff was more than qualified to fill the position.

39. On or about August 13, 2024, when Plaintiff had not received any correspondence from Defendant regarding her employment application, Plaintiff reached out to Defendant's human resources department to inquire about the status of her application. Defendant's human resources representative informed Plaintiff that Defendant "wanted a different candidate" than Plaintiff.

40. Out of the seventeen applicants for the position, only three applicants met the qualifications of the position. These three applicants included Plaintiff (age 60), Jennifer Masters (age 49), and Jessica Bowers (age 33).

41. As of August 2024, Bowers had been employed with Defendant as an Animal Control Officer for less than four years. Prior to Bowers' employment with Defendant, Bowers worked as a correctional officer in a detention facility for several years.

42. Plaintiff was not offered an interview with Defendant for the position of Animal Control Officer Supervisor. Both Bowers and Masters were given interviews for the positions.

6

43. On or about August 29, 2024, Defendant, via Andrew Beightel (then age 46), awarded the Animal Control Supervisor position to Bowers, despite Plaintiff possessing more education, experience, and training appropriate for the Animal Control Supervisor position in comparison to then 32-year-old Bowers' animal control experience of less than four years.

### COUNT I – DISCRIMINATION ON THE BASIS OF AGE
### (In Violation of the Age Discrimination in Employment Act of 1967and the Kansas Age Discrimination in Employment Act)

44. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff experienced discriminatory behavior on the basis of age by Defendant when Defendant failed to re-hire Plaintiff for the Animal Control Supervisor position and instead awarded the position to a much less qualified and younger individual (Bowers), without even allowing Plaintiff to sit for an interview for the position.

46. To the extent Defendant now attempts to assert that Plaintiff was not selected for the position based on alleged performance deficiencies during Plaintiff's tenure with Defendant, this assertion is pretextual in light of the fact that Plaintiff only ever received a single instance of formal discipline during her 34+ years of employment with Defendant, Plaintiff received various awards and recognitions from Defendant, and Plaintiff was not removed from her position as the Animal Control Officer Supervisor as a result of any alleged performance deficiencies.

47. Defendant herein this case had knowledge of age discrimination toward Plaintiff, as evidenced by Defendant's human resources representative stating that Defendant "wanted a different candidate" than Plaintiff.

48. Defendant discriminated against Plaintiff on the basis of Plaintiff's age in regard to her job training, and other terms, conditions, and privileges of his employment.

49. Defendant discriminated against Plaintiff on the basis of Plaintiff's age in regard to her overall compensation from Defendant.

50. Defendant failed to take any meaningful action to prevent or cease the age discrimination by Defendant employees and negligently and recklessly failed to recognize and deal with the discrimination.

51. Defendant has failed to properly train their supervisors and human resources representatives concerning their duties and obligations under civil rights laws, including the ADEA and KADEA.

52. Defendant's discriminatory conduct herein this case willfully violated Plaintiff's rights under the ADEA and KADEA, and such a violation is sufficient to warrant an award of liquidated damages.

53. As a direct and proximate result of all of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

54. Plaintiff is entitled to attorney's fees as provided in the ADEA and KADEA, and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to discrimination on the basis of her age in violation of the ADEA and KADAE, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
### (In Violation of the Age Discrimination in Employment Act of 1967and the Kansas Age Discrimination in Employment Act)

55. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiff engaged in protected activity under the ADEA and KADEA when Plaintiff filed a complaint with the KHRC/EEOC alleging unlawful employment practices by Defendant herein on the basis of sex, age, and retaliation in April 2019.

57. Plaintiff continued to engage in protected activity following her April 2019 complaint by participating in the KHRC/EEOC investigation and administrative exhaustion process.

58. Plaintiff experienced an adverse employment action when Defendant refused to re-hire Plaintiff for the Animal Control Supervisor position despite Plaintiff being qualified for the position and possessing more credentials and qualifications than the other two candidates, without even providing Plaintiff the opportunity to interview for the position.

59. The individual (Beightel, then age 40) that made the decision to refuse Plaintiff an interview, refuse to hire Plaintiff for the position, and instead hire a lesser qualified younger individual was employed by Defendant at the time Plaintiff engaged in protected activity and became Plaintiff's supervisor shortly thereafter.

60. To the extent Defendant now attempts to assert that Plaintiff was not selected for the position based on alleged performance deficiencies during Plaintiff's tenure with Defendant, this assertion is pretextual in light of the fact that Plaintiff only ever received a single instance of formal discipline during her 34+ years of employment with Defendant, Plaintiff received various awards and recognitions from Defendant, and Plaintiff was not removed from her position as the Animal Control Officer Supervisor as a result of any alleged performance deficiencies.

61. Defendant herein this case had knowledge of retaliation toward Plaintiff, as evidenced by Defendant's human resources representative stating that Defendant "wanted a different candidate" than Plaintiff.

62. Defendant retaliated against Plaintiff based on Plaintiff engaging in protected activity as it relates to Plaintiff's overall compensation from Defendant.

63. Defendant retaliated against Plaintiff for engaging in protected activity in regard to her job training, and other terms, conditions, and privileges of his employment.

64. Defendant failed to take any meaningful action to prevent or cease the retaliation by Defendant employees and negligently and recklessly failed to recognize and deal with the retaliation.

65. Defendant has failed to properly train their supervisors and human resources representatives concerning their duties and obligations under civil rights laws, including the ADEA and KADEA.

66. Defendant's retaliatory conduct herein this case willfully violated Plaintiff's rights under the ADEA and KADEA, and such a violation is sufficient to warrant an award of liquidated damages.

67. As a direct and proximate result of all of Defendant's retaliatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

68. Plaintiff is entitled to attorney's fees as provided in the ADEA and KADEA, and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of Plaintiff's Complaint, finding that she was subject to retaliation for engaging in

protected activity in violation of the ADEA and KADAE, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## DAMAGES

69. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 68 above as if full set forth herein.

70. Defendant herein willfully discriminated and retaliated against Plaintiff on the basis of her age and for engaging in protected activity with indifference as to the legally protected rights of the Plaintiff.

71. As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

72. Plaintiff prays for an award of liquidated damages.

73. Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits and interest incurred.

74. Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

75. Plaintiff prays for damages in the amount of reasonable attorney's fees.

76. Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

77. Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the ADEA and KADEA or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of the Age Discrimination in Employment Act and the Kansas Age Discrimination in Employment Act. Plaintiff prays for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bruce Alan Brumley
/s/Chloe Elizabeth Davis
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com